JOHN J. C. SMITH & another *vs.* IRA L. MOORE & another.

Suffolk.   March 8. — August 5, 1880.   ENDICOTT & SOULE, JJ., absent.

The owners of letters patent of the United States for a certain invention formed an association for the purpose of introducing the invention in Europe and obtaining patents therefor; and executed a declaration of trust, which declared that they held the property for the use of the association; and provided that no member of the association should receive any money on behalf of the association, except as authorized by the declaration of trust; that an executive committee should have the general management and control of the business; and that all votes of the association, not inconsistent with the declaration of trust, should be binding upon the trustees, the association and the executive committee. On the day this was executed, an indenture (referred to in the declaration of trust) was made between the trustees and A., a member of the association, by which A. was to sell the invention in Europe and pay over the proceeds to the trustees. No sale having been made under this indenture, the executive committee authorized one of the trustees to go to Europe and sell the letters patent for not less than a certain sum. After he had left this country in pursuance of this authority, the association, at a meeting at which the other trustee was present and acting, passed a vote authorizing the absent trustee to sell the letters patent for such sum as he should deem best, and directing the proceeds to be deposited in a bank in England to the credit of A. for the use of the shareholders. The executive committee passed a similar vote. The absent trustee, acting under these votes, made a sale in England of the letters patent, and the money therefor was paid to A. in this country by the agent of the purchaser. On the return of the trustee to this country, he demanded the money of A., who refused to pay it. This trustee subsequently made a contract with A., by the terms of which certain sums were to be paid by A. out of this money, and the balance distributed among the shareholders. *Held,* in an action for money had and received, by the trustees against A., to recover the proceeds of the sale, that, even if the votes of the association were inconsistent with the declaration of trust, the trustees had waived their right to take this objection; and that the action could not be maintained.

MORTON, J.   This is an action of contract for money had and received, brought by John J. C. Smith and Jesse A. Locke against Ira L. Moore and Gustavus D. Dows.

It is admitted that the defendants received the amount claimed; and the question is whether they received it for the use of the plaintiffs. The facts, as stated in the bill of exceptions, are complicated, but those which we deem material to the decision of the case are as follows:

In 1869, the plaintiff Smith and his brother, Michael Smith, held certain letters patent for the United States "for improvements in casting metals under pressure." Michael assigned to

the plaintiff Locke his right and interest in the inventions so far as European countries were concerned. The two plaintiffs, thus having control of the inventions for the countries of Europe, formed an association called "The American Compression Casting Association" for the purpose of introducing the inventions in Europe and obtaining patents therefor. The plan of the parties was that the legal title to the patents should remain in the plaintiffs, as trustees, for the benefit of the shareholders in the association. They accordingly executed a "declaration of trust," which was the basis upon which the association was formed and was to be conducted. It provided, among other things, that the trustees should hold the property for the use of the association, should divide among the shareholders the profits of the business when directed by the executive committee, that no member of the association should have any right to make any bargains or receive any money on behalf of the association except as authorized by the declaration of trust, that there should be an executive committee who should have the general management and control of the business, and that all votes of the association not inconsistent with the declaration of trust should be binding upon the trustees, the association and the executive committee. On the same day, an indenture, which is recognized in the declaration of trust, was made between the plaintiffs and the defendants, the general purpose of which was that the defendants should proceed to introduce the inventions into England and other European countries, and obtain letters patent and sell rights and licenses, accounting for and paying over to the trustees all money received by them, with certain specified deductions. These two papers were dated May 13, 1869.

The defendants did not succeed in making any sales under this indenture, and at a meeting of the executive committee, held May 20, 1872, the plaintiff Smith was authorized to go to Europe and sell the patents for not less than £9000.

A meeting of the association was held on July 25, 1872, at which it was voted that said Smith, who was then in England, be authorized to sell the patents and property of the association in and for the territory of Europe for such sum as in his discretion he may think best for the interest of all concerned; "the

papers and deeds executing said sale to be delivered by, and the proceeds and money for such sale to be paid to, Adolphus Clark, 1 Chandos Street, Charing Cross, London, England, to be deposited in the London and County Bank, London, England, to the credit of Ira L. Moore and Gustavus D. Dows aforesaid, for the use of said shareholders; with liberty to said Moore and Dows to transmit the same to said shareholders; and that said executive committee be authorized to give said power to said Smith, and forthwith transmit to him and said Clark a copy of this vote." On the same day, the executive committee passed substantially the same vote, and they transmitted a copy of the proceedings to Smith.

On September 7, 1872, the said Smith, then in England, made a sale of the English letters patent to one Mackintire for eight hundred pounds sterling, payable May 1, 1873. By a subsequent agreement, the time of payment was extended to January 1, 1874. On that day, an agent of Mackintire in Boston went to the defendants, and, upon their representations that they were authorized to receive it, paid to them the said sum of eight hundred pounds, and the defendants entered into an obligation to do whatever was necessary to complete and make effectual the transfer to Mackintire. Said Smith was then in England; upon his return, he demanded the money of the defendants, who refused to pay it. Subsequently, on October 15, 1874, the said Smith entered into a contract with the defendants, in which, after reciting that "Ira L. Moore and G. D. Dows have in their hands eight hundred pounds sterling, paid them by the agent of James Mackintire for the assignment to him of certain English patents, which sum said Moore and Dows hold for certain parties interested," and that, in order to complete the said assignment, it was necessary to pay certain sums in England, he authorizes said Dows to pay the same and authorizes "the said Moore and Dows to deduct from my shares of said eight hundred pounds all sums so paid;" and the said Dows agrees to make such payments, "and immediately to give notice thereof by mail to said Moore, who shall proceed to distribute forthwith said eight hundred pounds among the parties interested, paying first the bills of the association, and deducting from said J. J. C. Smith's share the amount as above provided."

There are other facts stated in the bill of exceptions, which may be of importance in finally adjusting the rights of all parties, but the above are all the facts material in the decision of this case.

Upon these facts, we are of opinion that the court should have ruled, as requested by the defendants, that the plaintiffs could not recover.

In the votes of July 25, 1872, it was the purpose of the association and of the executive committee that the money for which Smith might sell the English patents should be paid into the hands of the defendants, to be by them distributed among the shareholders. It was expected that the money would be paid in England, and therefore the mode in which it was to be placed to the credit of the defendants was specified. But this is merely incidental, the substantial thing being that they were to receive the money for the association and shareholders. When, therefore, the agent of Mackintire offered to pay the eight hundred pounds in Boston, the defendants were the proper persons to receive it; and when it was paid to them, they received it, not for the use of the plaintiffs, but for the use of the association and its members. The defendants were under no obligation to, and could not rightly, pay it over to the plaintiffs.

It is contended that those votes are void, because inconsistent with the declaration of trust. But, if they were inconsistent, it was competent for the parties by mutual consent to waive the provisions of the declaration of trust. One of the trustees was present and acting at both the meetings which passed the votes. The other, Smith, was in England, but his accepting and acting under the votes, and his contract with the defendants of October 15, 1874, are conclusive evidence that he assented to them, and therefore he must be held to have waived his right to object that they were inconsistent with the declaration of trust.

We are therefore of opinion, that, upon the undisputed facts, the plaintiffs cannot maintain this action, but that their remedy is by a bill in equity, in which the rights of all the members of the association, which is a partnership, can be finally adjusted.

The plaintiffs argue that the finding of the presiding justice of the Superior Court, "that the defendants had no right to receive and hold the money as against the plaintiffs," is conclusive, being a finding of fact. But we do not understand this to have been a finding of a fact based upon evidence not reported to us, but a conclusion of law from the facts and evidence reported. We do not think this conclusion is justified by the evidence. *New trial ordered.*

*D. B. Gove*, for the defendants.

*E. W. Hutchins*, for the plaintiffs.