JOHN J. C. SMITH & another *vs.* IRA L. MOORE & another.

Suffolk. Jan. 22, 23. — March 3, 1883. FIELD & W. ALLEN, JJ., absent.

The plaintiffs in a bill in equity were the members of an association, and trustees for it of a patent, which was sold to a third person for a certain sum, and the defendants were authorized to receive the money for the use of the sharehold-ers. The defendants accepted the money on the terms of a receipt or covenant, by which they agreed to hold it until certain documents and the great seal of the patent were delivered to the purchaser, and to repay the money to him if all the things mentioned were not done as agreed. These things were not done, and the purchaser notified the defendants to retain the money. *Held*, that the defendants accepted the money as stakeholders for both parties until the conditions were fulfilled; and that the bill could not be maintained.

HOLMES, J. The plaintiffs were the members of an association or partnership, and trustees for it of an English patent. This patent was sold to one Mackintire for £800, and the defendants were authorized to receive the money for the use of the shareholders. They received it, as will be explained. The facts, except those touching the receipt, are set forth more at length in *Smith* v. *Moore*, 129 Mass. 222. Since that decision, the action has been changed into a suit in equity on behalf of all the members of the partnership; and it now appears that the defendants accepted the money on the terms of a receipt or covenant, by which they agreed to hold it until certain documents and the great seal of the patent were delivered to Mackintire, and to repay the money to him if all the things mentioned were not done as agreed. These things have not been done, and Mackintire has notified the defendants to retain the money.

The plaintiffs seek to divide the terms of the receipt; and argue that, in receiving the money, the defendants acted as agents within the authority given them by the association, but that they made the covenant to retain and in one event to repay without authority, and on their own behalf alone. Hence, the

plaintiffs say, the rule applies that an agent cannot set up a *jus tertii*. But it is very clear that we must look to the whole instrument in order to find out in what capacity the defendants hold this money, and to what extent Mackintire has parted with his dominion over it. It is manifest, from what has been stated of the receipt, that the defendants did not make themselves agents to hold for the association. They accepted the fund as bailees or stakeholders on behalf of both parties until the conditions were fulfilled. Assuming that the plaintiffs by their indenture with Mackintire got his covenant to pay the price, and not a mere right to rescind their conveyance if he did not, and assuming further that the defendants' only authority from the association was to receive an unconditional payment out and out, the plaintiffs can only set up a title to this specific sum on the terms and footing upon which Mackintire parted with it, and the defendants accepted it. These terms subjected the plaintiffs' right to a condition which has not been fulfilled.

*Bill dismissed.*

*J. H. Young*, for the plaintiffs.
*D. B. Gove*, for the defendants.